UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA, : <br> : <br> v. : <br> : <br> GENGMIN QIU, : <br> : <br> Defendant. : | Crim. No. 14-401 (MAS) (DEA) <br><br> **MEMORANDUM OPINION AND ORDER** |

ARPERT, Magistrate Judge

This matter comes before the Court on two Motions: (1) a Motion by the Government seeking an Order denying attorney Ning Ye's admission *pro hac vice* in this matter [Dkt. No. 26]; and (2) a Motion by Mr. Ye to enter an appearance *pro hac vice* on behalf of Defendant Gengmin Qiu [Dkt. No. 33]. Both Motions are opposed. *See* Dkt. Nos. 35, 38.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

The alleged criminal activity which forms the basis for the Indictment in this matter is not relevant to the present Motion and therefore need not be recited at length. Defendant was arrested on May 27, 2014 in connection with a criminal complaint charging him with conspiring to transport stolen property across state lines, interstate transportation of stolen property, conspiring to launder money and engage in monetary transactions in criminally derived property, and engaging in monetary transactions in criminally derived property. *See* Dkt. No. 1. Mr. Ye first entered an appearance in this matter on May 28, 2014 during Defendant's initial appearance. *See* Dkt. No. 5. On May 28, 2014, the Court received a letter

from Mr. Ye waiving Defendant's right to a preliminary hearing. *See* Dkt. No. 7. On June 25, 2014, with Mr. Ye's written consent, the Court entered a 60-day Order of continuance of the indictment deadline, which excluded the period of June 24, 2014 through August 23, 2014 from the computation of time under the Speedy Trial Act. *See* Dkt. No. 10. An Indictment was returned on July 17, 2014, charging Defendant with 38 counts. *See* Dkt. No. 21.

The Government filed the present Motion to deny Mr. Ye's admission *pro hac vice* in this matter on August 5, 2014. *See* Dkt. No. 26. On August 21, 2014, Mr. Ye filed his Motion seeking to enter an appearance *pro hac vice* on behalf of Defendant. *See* Dkt. No. 33.[1] During the pendency of the present Motions, Attorney Brian Neary entered an appearance on behalf of Defendant. *See* Dkt. No. 40. In light of Mr. Neary's appearance on behalf of Defendant, the Court entered an Order on denying both Motions related to Mr. Ye's appearance on behalf of Defendant as moot. *See* Dkt. No. 44. On October 10, 2014, after the Motions and Mr. Ye's appearance were terminated, the Court received a letter from Mr. Ye requesting that he be "resigned from [this case] and all his responsibilities in this case." Dkt. No. 45 at p. 1.

On April 24, 2015, after this matter had proceeded for approximately six months with Mr. Neary acting as counsel for Defendant, the Court received a letter from Mr. Ye notifying the Court of his appearance on behalf of Defendant. Mr. Ye's letter states:

> Comes now, this undersigned, hereby to notify this Hon. Court and all parties in [this case] that the undersigned enter his Appearance as defense counsel for Defendant Gengmin Qiu, upon repeated requests made by the Defendant since December 2014, in exercising his right and entitlement under Sixth Amendment, in connection to 5th Amendment: Defendant does need counsel(s) in defense of his claimed innocence. This undersigned has finally agreed in response to a dramatic macro-chance of political landscape in complication of totalitarian China elements, and such other Constitutional/Statutory considerations in this instant case.

---

[1] In addition to his Motion, Mr. Ye filed an opposition to the Government's Motion. *See* Dkt. No. 35.

Dkt. No. 51. Upon receipt of Mr. Ye's letter, the Government requested that its Motion to deny Mr. Ye's admission to this Court be reinstated, and on May 19, 2015, the Court entered an Order reinstating the present Motions related to Mr. Ye's appearance on behalf of Defendant and scheduling oral argument on this issue, which was held on July 9, 2015.[2]

Although the question of Mr. Ye's admittance to this Court on behalf of Defendant still had not been resolved and Mr. Ye's appearance on the docket of this case remained terminated, between the receipt of Mr. Ye's letter notifying the Court of his appearance on behalf of Defendant and the oral argument held before the Court on the issue of Mr. Ye's appearance, Mr. Ye unilaterally filed several documents, letters and Motions on Defendant's behalf including: (1) a Motion to dismiss the Indictment [Dkt. No. 53]; (2) a Motion to reinstate the Motions previously filed by Mr. Ye, which were terminated with the consent of all parties after Mr. Ye's withdrawal from this case [Dkt. No. 54]; (3) a Notice of Defendant's witness list [Dkt. No. 57]; and (4) a second Motion to dismiss the indictment [Dkt. No. 61].

## II.    DISCUSSION[3]

### A. Motion to Enter Appearance

Mr. Ye first entered an appearance in this matter on May 28, 2014. *See* Dkt. No. 5. After the government filed its Motion to deny Mr. Ye's *pro hac vice* admission, Mr. Ye filed the present Motion seeking to enter an appearance in this case *pro hac vice*. *See* Dkt. No. 33. Subsequently, Mr. Neary entered an appearance on behalf of Defendant and Mr. Ye requested to "be resigned from [this case] and all his responsibilities in this case." Dkt. No. 45 at p. 1.

---

[2] Oral argument was originally scheduled for June 18, 2015. *See* Dkt. No. 55. On June 15, 2015, Mr. Neary notified the Court of a scheduling conflict preventing him from attending the scheduled oral argument, and on June 17, 2015, oral argument was rescheduled for July 9, 2015. *See* Dkt. No. 59.

[3] In the interest of clarity, although the Government's Motion was filed before Mr. Ye's Motion, the Court will address Mr. Ye's request to be admitted before addressing the Government's request that Mr. Ye's admission be denied.

Although Mr. Ye voluntarily withdrew from this case, Mr. Ye now seeks, without acknowledgment of his "resignation" or explanation as to any change in circumstance requiring his appearance in this matter, to enter an appearance on behalf of Defendant.

In support of his Motion, Mr. Ye references the Sixth Amendment of the United States Constitution, which provides, in part, that "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . have the assistance of counsel for his defense." U.S. CONST. ART. VI. The Supreme Court of the United States has interpreted this amendment to mean that a criminal defendant is not merely entitled to the assistance of counsel, but to the assistance of counsel of his choice as well. *See United States v. Voigt,* 89 F.3d 1050, 1074 (3d Cir. 1996) (citing *Powell v. Alabama,* 287 U.S. 45, 53 (1932)) ("One element of this [constitutional] guarantee is the right to counsel of choice."). The primary purpose of this constitutional right is "to grant a criminal defendant control over the conduct of his defense—as 'it is he who suffers the consequences if the defense fails.'" *United States v. Kolodesh,* 2012 WL 1156334, at *3 (E.D.Pa. Apr. 5, 2012) (quoting *United States v. Moscony,* 927 F.2d 742, 748 (3d Cir. 1991)). Although the Sixth Amendment right to counsel is absolute, criminal defendants do not have an absolute right to counsel of their choice. *Jones v. Zimmerman,* 805 F.2d 1125, 1133 (3d Cir. 1986). "While it is desirable that a defendant be represented by the counsel of his choice, that goal is sometimes outweighed by the equally desirable public need for the efficient and effective administration of criminal justice." *U.S. v. Kikumura,* 947 F.2d 72, 78 (3d Cir. 1991).

Since Mr. Ye's withdrawal, Mr. Neary has been the sole attorney of record for Defendant. This Court has previously stated that:

> There can be only one attorney of record. This is true in all proceedings, civil or criminal, in both the State and Federal

4

> courts in this district. A party may have as many lawyers working on his case as he wishes, presumably so long as he is willing and able to pay them, or can stir them into championing his cause. They may do research, or interviews, or consultation, or drafting of documents, or serve any other function. But to handle the case in court, only one lawyer (or one firm of lawyers) may serve as attorney of record. Any other who appears in court to speak, whether to present argument, question witnesses or address jurors, can do so only on an "of counsel" basis to the attorney of record. This is fundamental.

*Oroshnik v. Schweiker*, 569 F. Supp. 399, 400 (D.N.J. 1983).

While Mr. Ye now seeks to enter an appearance on behalf of Defendant, there has been no representation to the Court by any party, including Mr. Ye, that Defendant wishes to remove Mr. Neary as his counsel. In denying Mr. Ye's Motion to enter an appearance on behalf of Defendant the Court is by no means attempting to deprive Defendant of his choice of counsel. However, as a practical matter, only one attorney (or one firm) may serve as counsel of record for Defendant, and in this matter, that attorney is Mr. Neary and his firm. Mr. Ye is in no way prevented from working on this matter alongside Mr. Neary and advocating on behalf of Defendant on an "of counsel" basis. Accordingly, because Mr. Neary is the attorney of record in this case, Mr. Ye's Motion to enter an appearance *pro hac vice* is DENIED.[4]

### B. Motion to Deny Admission

In light of the Court's denial of Mr. Ye's Motion to enter an appearance *pro hac vice* in this matter, the Government's Motion to deny Mr. Ye's *pro hac vice* admission is moot.

---

[4] While Mr. Ye may work alongside Mr. Neary and assist him in any capacity deemed appropriate by Defendant, Mr. Neary and Mr. Ye, all filings and communications with this Court must be made through Mr. Neary as counsel of record in this matter. Mr. Ye may not communicate directly with this Court without Mr. Neary and any documents, Motions or requests filed unilaterally by Mr. Ye will not be considered by the Court. Accordingly, the pending Motion to dismiss the Indictment [Dkt. No. 61], which was filed by Mr. Ye, is hereby terminated without prejudice.

However, in order to reach a final resolution of this issue, the Court will address the arguments raised in the Government's Motion. In its Motion, the Government seeks an Order denying Mr. Ye's admission to this Court. *See* Dkt. No. 26. Mr. Ye's opposition is comprised of seemingly irrelevant, often unintelligible and unquestionably inflammatory accusations that the Government's Motion and the underlying criminal prosecution are based on some personal vendetta against Mr. Ye and Defendant. *See* Dkt. No. 35. In support of its Motion the Government asserts that Mr. Ye should not be allowed to enter an appearance in this matter *pro hac vice* because Mr. Ye: (1) is not eligible for admission to the bar of this Court; (2) is not competent to represent a criminal defendant; and (3) has a history of being disruptive, disrespectful and misrepresenting facts. The Court will address each of the Government's arguments in turn.

### *i. Eligibility for Pro Hac Vice Admission*

The Government first contends that while Mr. Ye is admitted to the New York bar, as a graduate of a foreign law school, he is ineligible to for admission to the New Jersey bar. Dkt. No. 26 at p. 13. The entry of a formal appearance in a criminal matter in this district is governed by Local Criminal Rule 44.1. Under Rule 44.1, attorneys are not required to be members of the bar of this Court. Instead, attorneys who are not members of the bar of this Court are required to certify that "he or she is a member in good standing of the bar of a court of the United States or of the highest court of a state, who is not under any suspension or disbarment of any court, and shall indicate the bar(s) of which he or she is a member and the year(s) of admission." L. Crim R. 44.1.

While the Government may be correct in its assertion that Mr. Ye is ineligible for admission to the New Jersey bar, eligibility for admission or actual admission to the New

6

Jersey bar is not a requirement for the entry of an appearance in a criminal matter before this Court. Accordingly, the Court finds that Mr. Ye's eligibility or lack thereof for admission to the New Jersey bar is irrelevant in deciding whether Mr. Ye may enter an appearance *pro hac vice* in a criminal matter before this Court.

### *ii. Competence*

Next, the Government asserts that Mr. Ye does not possess the requisite level of competence to represent a criminal defendant before this Court. Dkt. No. 26 at p. 17. The Government, citing several other cases in which Mr. Ye has participated, claims that "[e]verywhere one looks, where Ning Ye is involved, there is a record of negligence, mistakes and downright abuse." *Id.* at p. 20.

In the District of New Jersey, issues regarding professional ethics are governed by L. Civ. R. 103. 1(a). This Rule provides that the Rules of Professional Conduct of the American Bar Association as revised by the New Jersey Supreme Court shall govern the conduct of members of the bar admitted to practice in the District. *See* L. Civ. R. 103.1(a); *Carlyle Towers Condo. Ass'n, Inc. v. Crossland Sav., FSB,* 944 F.Supp. 341, 344–45 (D.N.J. 1996). RPC 1.1 governs attorney competence and states that:

> A lawyer shall not:
>
> (a) Handle or neglect a matter entrusted to the lawyer in such a manner that the lawyer's conduct constitutes gross negligence.
> (b) Exhibit a pattern of negligence or neglect in the lawyer's handling of legal matters generally.

The Court has reviewed the extensive documentation submitted by the Government in support of its assertion that Mr. Ye does not possess the requisite level of competence to represent Defendant in this matter. Admittedly, the record of Mr. Ye's participation in this and other matters is replete with procedural and administrative errors which demonstrate

either a lack of compliance or lack of understanding of the practices of this Court. Mr. Ye's filings and the arguments contained therein are predominantly unrelated and unresponsive to the factual and legal issues in this case and are often combative and accusatory.

However, even in light of Mr. Ye's less than exemplary record, at this juncture, the Court does not possess sufficient information to conclude that Mr. Ye's conduct falls below the required level of competence or that Mr. Ye is incapable of providing representation to a criminal defendant before this Court. Furthermore, although Mr. Ye is permitted to serve a role in the defense, Mr. Neary, whose professionalism and competence is irrefutable, is ultimately in charge of and responsible for the defense of this case. Therefore, because Defendant is primarily represented by Mr. Neary and all filings, applications and appearances before the Court must be supervised by Mr. Neary, the Court does not believe a finding of Mr. Ye's competence to be necessary at this stage in the proceedings. Accordingly, the Court declines at this time to decide whether Mr. Ye possesses the requisite level of competence to represent Defendant in this matter.[5]

### *iii. Conduct*

Finally, the Government contends that Mr. Ye's conduct and behavior before this Court has been disruptive and disrespectful.[6] The Court agrees. Mr. Ye's lack of compliance with the Orders of this Court and disrespectful treatment of this Court and its litigants are of serious concern. During oral argument on the present Motions, Mr. Ye frequently interrupted the Court, opposing counsel and Mr. Neary. In addition, Mr. Ye's opposition to the Government's Motion repeatedly refers to the Government's Motion as a "sh** file",

---

[5] Although the Court presently declines to make any finding as to Mr. Ye's competence, the Government may raise the issue of Mr. Ye's competence if at any point Mr. Ye seeks to become primary counsel for Defendant.
[6] Although the Government raises several instances of Mr. Ye's inappropriate behavior, the Court's present analysis is limited to Mr. Ye's conduct in the present matter.

identifies an unknown person as "[t]hat [b]i**h", and contains several personal attacks on the Government's counsel in this matter. *See* Dkt. No. 35.

The comments in Mr. Ye's opposition brief "are wholly unnecessary, do not further the Court's legal analysis and are unprofessional." *Speth v. Goode*, 2013 WL 3793966, at *14 (D.N.J. July 19, 2013) *aff'd,* No. 13-3481, 2015 WL 1089333 (3d Cir. Mar. 13, 2015). The Court reminds Mr. Ye of his "obligation to be professional to opposing counsel and the Court" and reiterates that "[l]anguage that lacks civility offends the duty of professionalism for advocacy before this Court." *Id*. Mr. Ye is hereby advised that any further unprofessional behavior before this Court may result in Mr. Ye's exclusion from participating in this matter in any capacity.

Although the Court is mindful of the concerns presented by the Government in their Motion, at the present juncture while Defendant is represented by Mr. Neary, the Court declines to make any finding as to Mr. Ye's eligibility and capability to represent Defendant in this matter. Accordingly, the Government's Motion to deny Mr. Ye's *pro hac vice* admission in this matter is DENIED.

### III.  CONCLUSION & ORDER

For the reasons set forth above,

**IT IS** on this 27th day of July, 2015,

**ORDERED** that the Government's Motion to disqualify Ning Ye as counsel for Defendant [Dkt. No. 26] is **DENIED**; and it is further

**ORDERED** that Mr. Ye's Motion to enter an appearance in this matter *pro hac vice* on behalf of Defendant [Dkt. No. 33] is **DENIED**; and it is further

9

**ORDERED** that the Motion to dismiss filed by Mr. Ye [Dkt. No. 61] is

**TERMINATED** without prejudice.


/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge
